# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL GEDDRICK, | CASE NO. CV-F-04-5360 AWI DLB P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| E. G. FLORES, et al., | |
| Defendants. | [Doc.2] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant 28 U.S.C. § 1983.

A.   Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Complaint

Plaintiff names as defendants, Correctional Lieutenant Flores and Correctional Officers Frye, Busby and Dessenbergert. Plaintiff alleges that defendant Flores improperly denied his inmate appeal relating to his placement in a holding cell without a seat. Plaintiff alleges that defendant Frye called him a "lazy, stupid, bastard." Plaintiff alleges that defendant Frye was also disrespectful to him and has shown prejudice due to his sexual orientation. Finally, plaintiff alleges that defendant Dessenberger called him a "faggot, cocksucker, queerbait" and said that he was a "degenerate, pig, piece of shit."

Plaintiff is advised that verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Therefore the allegation that defendants began called plaintiff derogatory names does not state a cognizable claim for relief under § 1983.

Plaintiff is also advised that "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's

administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495.

Defendant Flores' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendant Flores violated his rights under federal law.

In summary, as submitted, plaintiff's amended complaint fails to state any cognizable claims for relief against the named defendants and therefore must be dismissed in its entirety. However, the Court will provide plaintiff the opportunity to file a second amended complaint. Failure to cure the deficiencies identified in this order will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

To the extent plaintiff is claiming that defendants' actions have put him at risk, in order state a cognizable constitutional claim, plaintiff must establish that they were deliberately indifferent to a substantial risk of serious harm to plaintiff. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit v. Ray</u>, 682 F.2d at 1250-51; <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. <u>Farmer</u>, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." <u>Id</u>. at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." <u>Id.</u> at 837.

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be

1  complete in itself without reference to any prior pleading.  This is because, as a  general rule, an
2  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
3  1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function
4  in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
5  involvement of each defendant must be sufficiently alleged.

6      In accordance with the above, IT IS HEREBY ORDERED that:

7      1. Plaintiff's amended complaint is dismissed;

8      2. The Clerk's Office shall send plaintiff a complaint form; and

9      3. Plaintiff is granted thirty days from the date of service of this order to file a second
10 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
11 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
12 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
13 copies of the amended complaint; failure to file an amended complaint in accordance with this order will
14 result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

15

16    IT IS SO ORDERED.

17    **Dated:   January 11, 2007**        **/s/ Dennis L. Beck**
   3c0hj8                                                    UNITED STATES MAGISTRATE JUDGE
18